NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10459 |
| Plaintiff - Appellant, | D.C. No. 2:08-cr-00448-JAM-1 |
| v. |  |
| MARIO RAYMOND ESPINOZA, | MEMORANDUM[*] |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 1, 2010[**]
San Francisco, California

Before: NOONAN, PAEZ and BEA, Circuit Judges.

The United States appeals the district court's order granting defendant

Espinoza's motion to suppress evidence. We have jurisdiction under 18 U.S.C.

§ 3731, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Warrantless searches and seizures inside a home are presumptively unreasonable and in violation of the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 586 (1980). Under the emergency exception, however, "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Here, the government argues that the warrantless entry into Espinoza's home was justified under the emergency exception because the police had a reasonable belief that there might be an injured person or another shooter lurking inside Espinoza's home.

The government's argument is not supported by the record. At the time of the entry into Espinoza's house, Espinoza was in custody and detained in the back of a police car. Neighbors had reported that Espinoza lived alone, and no one reported seeing or hearing anyone besides Espinoza inside the house. When the police arrived, they did not see anyone enter the house or hear any other voices coming from inside. In short, there were no facts upon which an officer could base a reasonable belief that an emergency existed after Espinoza was in custody. *See United States v. Gooch*, 6 F.3d 673, 679 (9th Cir. 1993) (holding that warrantless search of a shooting suspect's tent was unreasonable because suspect was in custody and there was no actual ongoing threat despite the recent discharge of a firearm).

The Supreme Court stated in *Michigan v. Fisher* that officers do not require "ironclad proof of 'a likely serious, life-threatening' injury to invoke the emergency aid exception." 130 S. Ct. 546, 549 (2009). There, the police encountered a crazed, bleeding man barricaded inside his house throwing objects and shouting obscenities at the police. *Id.* at 547. The Court ruled that under those circumstances, even though it was doubtful that the man was seriously injured, a reasonable officer could have believed that the man or someone else inside might have needed immediate medical attention or faced imminent harm. *Id.* at 548-49. We do not read that fact-specific opinion to hold broadly that warrantless entry into a home is always justified where the police cannot confirm that there are no injured victims inside a house. We recognize the need for police officers to investigate and respond to credible threats of injury. Nothing in *Michigan v. Fisher*, however, indicates that the mere discharge of a firearm inside a house vitiates the protections of the Fourth Amendment when the shooting suspect is in custody and there are no circumstances suggesting that anyone else was present, much less injured.

**AFFIRMED**

*United States v. Espinoza*, No. 09-10459

NOONAN, Circuit Judge, dissenting:

In *Michigan v. Fisher*, 130 S. Ct. 546 (2009), police responded to "a complaint of a disturbance" at a named address. On arrival they found damaged fence posts on the property and three broken windows in the home with the glass on the ground outside. Blood was on the hood of the truck, on clothes within it, and on one of the doors to the house. The police saw Fisher inside, standing, screaming and throwing things. Reversing the decision of the state court, the United States Supreme Court held that these facts constituted sufficient objective evidence of an emergency to justify the warrantless entry of Fisher's home.

Dissenting, Justice Stevens noted the trial court's finding "the police decision to leave the scene and not return for several hours – without resolving any potential dangerous situation and without calling for medical assistance – inconsistent with a reasonable belief that Fisher was in need of immediate aid." *Id*. at 550.

The police had no objective evidence that anyone was in the house except Fisher. The police had no objective evidence that Fisher had injured himself seriously enough to need assistance. What they had was objective evidence of irrational behavior that might result in self-injury or injury to others.

1

In our case the police had evidence of a man behaving irrationally and doing so with a gun. Just as much as in Fisher's case, the police had objective evidence of mindless violence and the possibility that the one committing it would have hurt others, a possibility all the greater because Espinoza was established as having used a gun.

*United States v. Gooch*, 6 F.3d 673 (9th Cir. 1993) is incompatible with *Fisher*, which effectively, although not expressly, overrules it. The Supreme Court has established that violent conduct within a home not known to be otherwise occupied, is a sufficient basis for officers to enter the home to see if there is any person in need of aid.